KNAPP et al. v. READ et ux. (No. 2319.)

Court of Civil Appeals of Texas. El Paso. Oct. 17, 1929.

Rehearing Denied Nov. 14, 1929.

Thos. J. Coffee, Clyde E. Thomas, and Tracy T. Smith, all of Big Spring, for appellants.

John B. Littler, of Big Spring, and John W. Hill, of Breckenridge, for appellees.

HIGGINS, J. This is a suit by H. Clay Read and wife against A. M. Knapp, M. P. Schmidt, the Gold Coin Quartz & Placer Association, its unknown officers, trustees, and stockholders, said association being alleged to be a common-law trust company with its principal office and place of business in Medford, Jackson county, Or., to recover the title to and possession of certain lots and blocks of land in the city of Big Spring, Tex., the plaintiffs pleading their title specially as follows:

1. The three and five years' statutes of limitations.

2. On December 20, 1921, plaintiffs entered into negotiations with defendants to convey to them the land in controversy in consideration of 100,000 shares of stock in said association, which then had a capital stock of $1,000,-000. On said date plaintiffs executed and delivered their deed to said land, but said stock had never been issued or delivered to plaintiffs, wherefore the consideration for said deed had wholly failed.

3. On February 1, 1922, said association, without the knowledge or consent of plaintiffs, unlawfully increased its capital stock to $10,000,000, which $9,000,000 increase consisted of "watered stock" and thereby greatly reduced the value of plaintiff's stock or rendered it valueless. On February 9, 1922, defendants sent a telegram to plaintiffs which reads:

"Medford, Or., Feb. 9, 1922.

"H. Clay Read, Big Spring, Texas.

"Association hold mining properties and in due time dividends will be declared to present share holders of two shares new stock for one of present shares giving you two hundred thousand Stop Your wife one hundred thousand all on same basis if not satisfied with entire transaction which was based on cash payment then return promptly all certificates to Bank here when deeds notes and contracts will be returned I made serious mistake with friends here by assuring them you would come through promptly on notes.

"Dr. A. M. Knapp."

To this plaintiffs, by wire, replied as follows:

"Big Spring, Tex., February 10, 1922.

"Dr. A. M. Knapp, President, The Gold-Coin-Quartz-Placer Ass'n. Medford, Oreg.—Dear Sir: Your 'wire' bearing date February 9th, stating that if I do not like same, 'to return to the Bank there the 10 certificates and contract, and you would deliver deed.' The same is accepted and in todays mail, I am returning the certificates and contract; having notified you prior that I did not like the organization of the ten million dollar company on acreage which you only held an option; and will thank you for the return of deed &c. Wishing you well, I am,

"Yours truly, H. Clay Read."

Also replied by letter as follows:

"President, The First National Bank, Medford, Oreg.—Dear Sir: A 'wire' dated Jan.

30th, from Dr. A. M. Knapp states that my interest in the new ten million dollar company, will be 300,000 shares; I know nothing of this new ten million dollar company and had nothing to do with the organization; and do not like same; and so notified the Persident of Company Dr. A. M. Knapp.

"He states in his wire Feby 9th that if I do not like same 'to return all certificates and contract to the Bank there, then deed and notes will be returned.'

"Along the lines suggested by the Dr. President Knapp, I herewith enclose ten certificates Nos. 32 to 41 both inclusive representing 100,000 shares in the Gold-Coin-Quartz-Placer Ass'n, the contract and will ask that you see Dr. Knapp at once, and make the exchange of papers, he handing you deed from myself for some property in the City of Big Spring, Howard County, Texas; that is not recorded and contract. Give him the certificates as he wires and he will give you the deed.

"This will clear up a seemingly bad misunderstanding, for I knew nothing of the organization of the ten million dollar company, to take over the one million Company, and same does not meet my approval as a stockholder in the one million dollar company and at the suggestion of the President to return the certificates; same are here enclosed.

"Thanking you in advance and any cost that you may have in making this exchange of papers, send me bill of same.

"Yours truly, H. Clay Read."

That said deed was never returned to plaintiffs, but unlawfully withheld and recorded for the purpose of defrauding plaintiffs of said lands; wherefore, the consideration for the deed had failed.

4. "The plaintiffs further allege and show that the defendant, Gold Coin Quartz & Placer Association during the years 1921 and 1922 was an unlawful combine under the laws of the State of Texas and did not have any authority to do business in the State of Texas and did not have any authority or permit to sell its stock in the State of Texas during said years but was then and has ever been an outlaw in the State of Texas.

"Plaintiffs further show that the defendants unlawfully and fraudulently had the said deed of December 20th, A. D. 1921, recorded in the deed records of Howard County, Texas, in Volume 48, page 303, but have not been asserting any title to or interest in and to said lots or any part of the same until after the filing of this suit. That said lots are now and ever have remained and are in the possession of plaintiffs and plaintiffs have continued to pay all taxes on said lots from and since the year 1920 until this day."

The prayer was for title and possession of the land, for damages and rents, "and in the alternative the plaintiffs pray that if it be found by the court that the plaintiffs are not entitled to recover under the Statutory action

of trespass to try title, that they have judgment decreeing the cancellation of the said deed of December 20th, 1921, and that the same be held for naught and that the cloud against plaintiff's title to the said lots of land be removed and that title to the said lots be quieted in these plaintiffs," and for general relief.

Defendant Knapp answered by general demurrer, pleas of the two, four, and six years' statutes of limitations, general denial, and not guilty.

The other defendants, acting by attorney appointed by the court, filed an answer adopting the answer of Knapp.

Upon trial without a jury judgment was rendered in plaintiff's favor for the land sued for, cancellation of the deed of December 20, 1921, and removal of the cloud cast by said deed upon plaintiff's title.

The numerous assignments and propositions submitted in appellant's brief need not be considered separately. There is no dispute in the evidence upon the controlling facts.

The land in controversy was community property of plaintiffs, Read and wife, when they conveyed it on December 20, 1921. The description of this deed in the statement of facts is as follows: "Counsel for defendant thereupon introduced in evidence a deed from H. Clay Read and wife, Lillie A. Read, to the Gold Coin Quartz & Placer Association, of Medford, Oregon, made to Dr. A. M. Knapp, President of the Gold Coin Quartz & Placer Association, recorded in Volume 48, at page 303, of the Deed Records of Howard County, Texas, filed for record on February 8th, 1922, at 10:00 A. M. in the records of the County Clerk of Howard County, Texas, and properly executed, and etc. (Defendant's Exhibit 'A')."

 The plaintiffs have had no character of written title since the date of this deed; nor have they had adverse possession of the land since that date. Therefore, their plea of title by limitation under the three (Rev. St. 1925, art. 5507) and five years' statutes of limitations (Rev. St. 1925, art. 5509) fails.

 With reference to the plea of failure of consideration, the plaintiff H. Clay Read testified the 100,000 shares of stock were issued and delivered to him and he still had same. Furthermore, his letter to the president of the bank at Medford, Or., shows he then had the stock, for with that letter he returned the 300,000 shares for delivery to Knapp. The plaintiff's own evidence conclusively disproves the allegation of a failure of consideration.

 With reference to the correspondence of February 9 and 10, 1922, above quoted, this at best simply shows an agreement between Knapp and H. Clay Read to rescind the previous conveyance of the land. The contract never passed beyond the executory stage, for the evidence shows no reconveyance was made. This agreement to rescind did not re-

invest the plaintiffs with title. Masterson v. Pullen (Tex. Civ. App.) 207 S. W. 537; Underwood v. Hogg (Tex. Civ. App.) 261 S. W. 556. Conceding it to be sufficient to support an action for specific performance, no such action is here presented, and if it were, the same would be barred by the four-year statute of limitations, this suit having been filed August 1, 1928. Article 5531, Rev. St. 1925.

■ With reference to the allegations of the plaintiffs concerning the laws of Texas, these laws have nothing to do with the organization of the defendant association. The fact that it had no permit to do business in this state is immaterial. It is not shown to have done any business here. .

There is no theory upon which the plaintiffs can recover under the pleadings and undisputed evidence. The record shows that on December 20, 1921, plaintiffs conveyed the lands in controversy to Knapp or the Gold Coin Quartz & Placer Association, and the title thus conveyed has never been reinvested in plaintiffs. The case has been fully developed, and upon no theory suggested by the record can the plaintiffs recover.

Therefore the judgment of the lower court is reversed and here rendered for defendants.