### JOHNSON et ux. v. WOOD.
### No. 5482.

Court of Civil Appeals of Texas. Texarkana.
Feb. 21, 1940.

Rehearing Denied March 7, 1940.

Jack E. Price, of Longview, for appellants.

Harrington & Harrington, of Longview, for appellee.

WILLIAMS, Justice.

Appellee R. M. Wood, and appellant Dutch Johnson, on March 5, 1928, entered into an agreement in which Wood agreed to convey by warranty deed to Johnson Lot 5, Block 52, Gladewater, Texas, upon Johnson's payment of a purchase price of $125. This was to be paid $10 cash, the receipt of which was acknowledged, and the remainder in 23 monthly installments of $5 each, due on the first day of each month thereafter, with 10% interest per annum on deferred installments. Johnson was to pay taxes levied on the lot subsequent to the year 1927. The contract further provided that upon failure to make any of the monthly payments or the performance of any of the other covenants, including the agreement to pay taxes, Wood could cancel the contract by giving Johnson ten days written notice of his intention to cancel; it being therein agreed that ten days was a reasonable and sufficient notice; that time was of the essence of the agreement, and that any payments received prior to such rescission should be by the parties considered as liquidated damages retained by Wood. The $115 to be paid was evidenced by a note executed by Johnson payable to Wood and provided for the installment payments with interest.

Plaintiff plead he and defendant Johnson made above contract on March 5, 1928, setting out the contract in full. And alleged that thereafter Johnson defaulted in the payment of all monthly payments which became due after April 12, 1929, and failed to pay taxes due for 1928 and 1929; that defendant refused to pay after repeated demands; that thereafter on or about October 15, 1930, plaintiff gave defendant written notice of his intent to cancel and determine the contract and after the expiration of 10 days therefrom plaintiff re-entered and re-possessed the premises. Plaintiff alleged further that after his termination of the contract, defendant asserted no right, title or interest thereto until on or about February 9, 1932; that on this last-named date Johnson took a copy of the contract before a notary public and acknowledged same and caused it to be recorded in the Deed Records of Gregg County; that this recordation constitutes a cloud upon the title. He alleged he was the owner in fee simple of the lot and prayed that he be decreed the owner and for removal of this cloud cast upon his title. This suit was filed January 27, 1937.

On January 6, 1938, defendants, Johnson and his wife, filed their first amended answer and cross-action in which they

plead that Johnson had paid in full all sums due under the contract to one Dr. Walker to whom the note had theretofore been assigned by Wood, and to whom Wood had instructed defendant to continue his payments. In this connection defendant alleged he had cleared and fenced a certain tract of land of Dr. Walker under an agreement that Walker credit him with all sums due under the sales contract and pay to Johnson the difference; that he completed this labor in April 1929; that the value of this labor was far in excess of the amount due by Johnson on the contract; and prayed that plaintiff take nothing. His cross-action was in trespass to try title. To this plaintiff pleaded in a supplemental petition that the contract had been rescinded and terminated in 1930, and all rights of defendant thereunder ceased and defendant is now barred by the four years statute of limitation from asserting any claim under and by virtue of said contract.

Johnson went into possession of the small shack on the lot shortly after this agreement was made. After some monthly payments had been made to Wood and credited by him on the note, he endorsed, assigned in blank and delivered the note to one Dr. Walker, as collateral security for money borrowed. Johnson was advised of this transfer and instructed by Wood to make his future payments to Walker. Defendant offered evidence in support of his claim that he had paid all obligations to Walker that were due under the contract. He testified that in January 1929, he made a trade with Walker to clear up a certain tract of land and fence it, and for this work Walker had agreed to pay him $250 by first crediting the amount due on the contract and to pay him the difference; that he fully completed this work in April 1929; that after he completed the work Walker put him off and failed to give him credit on the sales contract or to pay him a balance still left due him. Walker is now dead. The jury found that defendant did not fail to make all the monthly payments, and did not fail to pay the taxes for 1928 and 1929 on or before November 1, 1930; that he made the trade with Walker to clear the land and Walker agreed to credit the note with amount sufficient to satisfy the debt due on the sales contract, but Walker had refused to credit the note. The jury further found that Wood knew nothing of the alleged agreement between Johnson and Walker.

The note offered in evidence shows a total credit of $65, the last being on April 12, 1929, for $10. Some of these payments were credited by Walker. Wood testified that Walker represented to him that Johnson had made default in meeting the monthly installments and demanded of him to make good under his endorsement. Wood gave his check to Walker on October 15, 1930, for $56.70, the amount Walker claimed to be due on the note, and it was re-delivered to Wood. In November, 1931, Wood paid the taxes for 1928 and all subsequent years. The jury found that Wood on or about October 15, 1930, mailed notice to defendant of his intention to cancel and terminate the contract and that Wood took possession of the premises on or about November 1, 1930, and has remained in possession to the present time. Since November 1930, Wood collected the weekly rentals for the shack on the lot; erected an additional tenant house; later, in 1934, tore both down and removed them preparatory for drilling operations. The evidence does not disclose that Johnson exercised any control or possession of the property subsequent to November 1930, or asserted any claim to or interest in the property until February 9, 1932, on which date he went before a notary public and acknowledged one of the copies of the contract agreement and caused same to be recorded.

The court, without disturbing any jury finding, entered judgment which awarded plaintiff title and possession of the lot and removed the cloud cast upon his title by reason of the recordation of this contract. This action of the court is sustained. At the same time this agreement was entered into, Wood owned the fee simple title to the lot. This title did not pass out of him. This contract did not convey or attempt to convey any title to Johnson. Plaintiff contracted to convey if and when certain conditions were performed. Johnson pleaded and offered proof that he had performed by April 1929. His cause of action for specific performance then arose. He asserted a legal action for specific performance for the first time in January 1938, when he filed his first amended original answer. This was more than eight years after his cause of action accrued. Notice of plaintiff's refusal or failure to convey by deed was brought to Johnson,

when, as found by the jury, he received notice that Wood had rescinded and terminated the contract and had re-possessed the property. This occurred in October or November 1930. Article 5531, R.C.S. of 1925, reads: "Any action for the specific performance of a contract for the conveyance of real estate shall be commenced within four years next after the cause of action shall have accrued, and not thereafter." Plaintiff pleaded the provisions of this article in bar to the action asserted by defendant. It was incumbent upon Johnson under this record to first legally sustain his action for specific performance before he could successfully maintain in this or a subsequent suit an action for trespass to try title. McCampbell v. Durst, 15 Tex.Civ.App. 522, 40 S.W. 315, 319; Deaton v. Rush, 113 Tex. 176, 252 S.W. 1025; Knapp v. Read, Tex.Civ.App., 21 S.W.2d 705; Chamberlain v. Boon, 74 Tex. 659, 12 S.W. 727, 729.

The judgment is affirmed.