DUTCH JOHNSON ET UX V. R. M. WOOD.

No. 7740. Decided November 26, 1941.
Rehearing overruled December 31, 1941.
(157 S. W., 2d Series, 146.)

*Lacy & Price,* of Longview, for plaintiffs in error.

*Harrington & Harrington,* of Longview, for defendant in error.

MR. JUDGE HICKMAN delivered the opinion of the Commission of Appeals, Section A.

In this case defendant in error, R. M. Wood, sued plaintiffs in error, Dutch Johnson and wife, to remove a cloud from his title to Lot 5, Block 52, of the City of Gladewater, and by cross action in the same suit Johnson sued Wood in trespass to try title for the same lot. The trial court rendered judgment in favor of Wood on his action to remove cloud from title and against Johnson on his cross action. The case was affirmed by the Court of Civil Appeals. 137 S. W. (2d) 202.

The controlling question in the case, as we view it, is whether or not Johnson had such title to the lot as would support his action in trespass to try title. To that question our statement of the case will relate.

On March 5, 1928, Wood and Johnson entered into a written contract by the terms of which Wood agreed to convey the lot above mentioned to Johnson by warranty deed upon the payment by Johnson to him of the agreed purchase price of $125.00. The contract recited that $10.00 of the purchase price was paid in cash and provided that the remainder should be paid in 23 monthly installments of $5.00 each. Johnson agreed to pay the taxes levied on the lot subsequent to the year 1927. The contract further provided that "in case of the failure of the party of the second part (Johnson) to make any payment of principal or interest hereon, or any part thereof when due or perform any of the covenants on his part hereby made and

entered into, then * * * * this contract, at the option of the party of the first part, (Wood) shall be canceled and determined by giving to the party of the second part 10 days notice in writing of the first party's intention to cancel and determine this contract, such notice to be mailed to second party at the address shown hereon or to the second party's last known address." It was further provided that any payments made prior to rescission should be retained by Wood as liquidated damages. As a part of the transaction Johnson executed to Wood his promissory negotiable note for $115.00, payable at the rate of $5.00 per month. The note was in the form of an installment vendor's lien note.

After some of the monthly payments had been made on the note by Johnson to Wood the latter indorsed the note in blank and delivered same to Dr. E. L. Walker as collateral security. Johnson was advised of this transaction and was instructed by Wood to make his further payments to Dr. Walker. It was the contention of Johnson that he paid the note in full to Walker. Wood testified that Walker, who died before the case was tried, represented to him that Johnson had made default on the note and demanded that he make good under his indorsement, whereupon he paid Walker $56.70 on October 15, 1930, and the note was redelivered to him. On or about the same date Wood mailed a notice to Johnson of his intention to terminate the contract and about fifteen days later he took possession of the premises and has since retained that possession. After Wood repossessed the property Johnson asserted no claim thereto until February 9, 1932, on which date he went before a notary public and acknowledged the contract of sale above mentioned and caused same to be recorded. This suit was instituted by Wood for the purpose of removing the cloud cast upon his title by such recordation. Johnson, by way of cross action, sued Wood in an action of trespass to try title for the title and possession of the lot.

In substance the jury found in answer to special issues; (a) that Johnson made payments of all the monthly installments due under the contract; (b) that he paid the State and county taxes for the years 1928 and 1929 on or before September 1st, 1930; (c) that on or about October 15, 1930, Wood mailed a written notice to Johnson of his intention to cancel and terminate the contract; (d) that on or about November 1, 1930, Wood took possession of the lot and thereafter remained in posssesion of same; (e) that in January, 1929, Johnson and

Dr. Walker made an agreement that Johnson would do certain work for Dr. Walker for which he was to receive $250.00; (f) which contract was performed by Johnson; (g) that it was agreed between Johnson and Dr. Walker that the latter was to credit the former with a sufficient amount "to take care of the remaining obligations of Dutch Johnson under the purchase contract in question;" (h) that after Johnson completed his work Dr. Walker refused to credit said note and contract with any amount; (i) and that the contract between Johnson and Dr. Walker was not made known to Wood on or prior to October 15, 1930.

After the verdict was returned Wood filed a motion for judgment and at the same time filed a motion in the alternative asking the court to set aside the jury findings and grant him a new trial. The motion for judgment was granted and judgment was entered in accordance therewith removing the cloud cast upon his title by the recordation of the contract. The judgment further decreed that Johnson take nothing by his cross action.

As stated by the Court of Civil Appeals in its opinion, the trial court's judgment was entered without disturbing any jury finding. The judgment was not entered non obstante veredicto after motion and notice as provised in Article 2211, Vernon's Civil Statutes, but on the contrary the verdict was copied in full in the judgment and left undisturbed. The Court of Civil Appeals, in affirming the trial court's judgment, held that before Johnson could maintain an action in trespass to try title he must have first sustained an action for specific performance, and that, since such latter action was barred by limitation, Art. 5531, R. C. S.), judgment should run in favor of Wood. We take it that the judgment of the trial court was rendered upon the same theory. With this, we cannot agree.

In the first place, Wood was not entitled to any affirmative relief under the findings of the jury. Its findings did not put Johnson in default, but rather imposed upon Wood the duty to execute a warranty deed to Johnson as provided in the contract and thereby put him in default. In the second place, it is our opinion that upon the jury's findings judgment should have been entered in favor of Johnson against Wood on his cross action. According to those findings Johnson had paid the purchase price and fully performed his obligations under the con-

tract before Wood sought to cancel same. Upon such performance he became vested with an equitable title to the property sufficient to enable him to maintain his action in trespass to try title, as to which action the statute of limitation above referred to governing suits for specific performance is not applicable. It is not claimed that any other limitation statute is applicable. So long as Johnson had not performed his covenants by the payments of the purchase price, he had but an equitable right, but upon his performance that right ripened into an equitable title superior to that of Wood. An equitable title, as distinguished from a mere equitable right, will support an action of trespass to try title. McBride v. Loomis, (Com. App.) 212 S. W. 480; Tanton v. State National Bank of El Paso, 43 S. W. (2d) 957, (affirmed in 125 Texas 16, 79 S. W. (2d) 833, 97 A. L. R. 1093; Wright v. Riley, 118 S. W. 1134 (error refused); Neyland v. Ward, 54 S. W. 604 (error refused); Tompkins v. Brooks, 43 S. W. 70 (error refused).

■ This case is distinguishable from one in which a party merely has a right to cancel a conveyance for fraud or upon some other ground. In such a case, the party having such right has no equitable title to the premises, but merely a cause of action for cancellation. That right differs materially from the right of one acquiring an equitable title through a bond for title or through the performance of an executory contract to convey. From the foregoing it follows that in our opinion the finding of the jury that Johnson had performed, was a very material finding. Being material, the trial court erred in disregarding same and entering judgment in favor of Wood, and the Court of Civil Appeals erred in affirming that judgment.

It is accordingly ordered that the judgments of the trial court and Court of Civil Appeals be reversed and the cause remanded to the trial court with instructions to enter judgment for Johnson upon the verdict, after which the same procedure will be observed as if such judgment had been entered in the first instance. McAfee v. Travis Gas Corporation, 137 Texas 314, 153 S. W. (2d) 442 outlines the proper procedure.

Opinion adopted by the Supreme Court, November 26, 1941.

Rehearing overruled December 31, 1941.