NO. 12-01-00191-CV



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


V. GERALD BAILEY AND
§
 APPEAL FROM THE 123RD

JEANNINE BAILEY,

APPELLANTS


V.
§
 JUDICIAL DISTRICT COURT OF


ENID BLANTON F/K/A

ENID HOLCOMB,

APPELLEE
§
 SHELBY COUNTY, TEXAS

 

 V. Gerald Bailey and Jeannie Bailey ("Appellants") appeal the trial court's order granting
summary judgment in favor of Appellee, Enid Blanton ("Appellee"). Appellants raise four issues
on appeal. We affirm.


Background

 In April 1983, Appellants, by written agreement, purchased land owned by Appellee and her
now ex-husband, Madison Holcomb (collectively the "Holcombs"). (1) The purchase was financed by
the Holcombs. Subsequently, the parties entered into another written agreement that if Appellants
paid or otherwise satisfied their debt, the Holcombs would transfer one-half of the oil, gas and
mineral rights (the "subsurface rights") in the land to them. In 1989, Appellants settled their debt
with the Holcombs. However, the subsurface rights were never conveyed to Appellants. Appellee
has, since 1995, leased the subsurface rights to third parties. 

 Appellants filed suit on December 28, 2000. In their pleadings, Appellants requested that
the trial court enter an injunction ordering Appellee to convey one-half of her ownership interest in
any oil and gas or other minerals in the property in question and to order Appellee to execute a deed
of conveyance. Alternatively, Appellants requested that the trial court enter a declaratory judgment
determining the rights of the parties and declaring that Appellants have, since January 26, 1989,
been the owners of one-half of the interest in all oil, gas and other minerals in the land in question. 
Appellants also sought to recover from Appellee one-half of the income she received from the sub-surface rights, as well as to recover from Appellee for trespass. Moreover, Appellants sought to
recover attorney's fees in connection with their breach of contract action. Appellee made a general
denial and pleaded no affirmative defenses. Appellee subsequently filed a motion for summary
judgment arguing that Appellants' suit was barred by limitations. Appellants responded and in their
response, initially noted that Appellee had not pleaded any affirmative defenses. The trial court
granted Appellee's motion for summary judgment based solely on the fact that Appellants' suit was
filed outside of the four-year statute of limitations.


Standard of Review

 In reviewing a traditional motion for summary judgment, we must apply the standards
established in Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548-49 (Tex.1985), which
are:


 1. The movant for summary judgment has the burden of showing that there is no
genuine issue of material fact and that it is entitled to judgment as a matter of law;


 2. In deciding whether there is a disputed material fact issue precluding summary
judgment, evidence favorable to the non-movant will be taken as true;


 3. Every reasonable inference must be indulged in favor of the non-movant and any
doubts resolved in its favor.



See Nixon, 690 S.W.2d at 548-49. For a party to prevail on a motion for summary judgment, he
must conclusively establish the absence of any genuine question of material fact and that he is
entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). A movant must either negate at
least one essential element of the non-movant's cause of action, or prove all essential elements of an
affirmative defense. See Randall's Food Markets, Inc. v. Johnson, 891 S.W.2d 640, 644
(Tex.1995); see also MMP, Ltd. v. Jones, 710 S.W.2d 59, 60 (Tex.1986). Since the burden of proof
is on the movant, and all doubts about the existence of a genuine issue of a material fact are resolved
against the movant, we must view the evidence and its reasonable inferences in the light most
favorable to the non-movant. See Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply
Co., 391 S.W.2d 41, 47 (Tex.1965). We are not required to ascertain the credibility of affiants or
to determine the weight of evidence in the affidavits, depositions, exhibits and other summary
judgment proof. See Gulbenkian v. Penn, 252 S.W.2d 929, 932 (Tex. 1952). The only question is
whether or not an issue of material fact is presented. See Tex. R. Civ. P. 166a(c).

 Once the movant has established a right to summary judgment, the non-movant has the
burden to respond to the motion for summary judgment and present to the trial court any issues that
would preclude summary judgment. See, e.g., City of Houston v. Clear Creek Basin Auth., 589
S.W.2d 671, 678-79 (Tex.1979). All theories in support of or in opposition to a motion for summary
judgment must be presented in writing to the trial court. See Tex. R. Civ. P. 166a(c).


Applicability of Statute of Limitations

 In their first issue, Appellants argue that a four-year statute of limitations was improperly
applied by the trial court to their suit. Specifically, Appellants contend that their suit is one to
recover an interest in real estate, for which there is no statute of limitations and not a suit for specific
performance of a contract. (2) The proper characterization of Appellants' lawsuit is determined by a
review of Appellants' pleadings. See Murray v. O&A Express, Inc., 630 S.W.2d 633, 636 (Tex.
1982). 

 In a suit for trespass to try title, the petition shall state: (a) the real names of the plaintiff and
defendant and their residences, if known; (b) a metes and bounds description of the premises; (c) the
interest which the plaintiff claims in the premises, whether it be a fee simple or other estate; (d) that
the plaintiff was in possession of the premises or entitled to such possession; (e) that the defendant
afterward unlawfully entered upon and dispossessed him of such premises, stating the date, and
withholds from him the possession thereof; (f) if rents and profits or damages are claimed, such facts
as show the plaintiff to be entitled thereto and the amount thereof; and (g) a prayer for the relief
sought. See Tex. R. Civ. P. 783. Our review of the facts set forth in Appellants pleadings indicates
that they do not satisfy the pleading requirement for a trespass to try title action. Specifically,
Appellants have not pleaded that Appellee entered onto the premises and unlawfully dispossessed
Appellants thereof. See Tex. R. Civ. P. 783(e). Rather, the facts, as pleaded by Appellants indicate
that Appellee never unlawfully entered upon the property and dispossessed them of it, but instead,
retained possession of the property and failed to ever convey title to Appellants in accordance with
the terms of the contract. 

 Considering Appellants' pleadings in a broader sense, we note that nearly all of the relief
sought by Appellants stems from their allegations that Appellee failed to perform her obligations
under the contract. Appellants first request that the court enter a mandatory injunction ordering
Appellee to convey one-half of all her ownership interest in the subsurface rights, as was allegedly
Appellee's obligation under the contract. Alternatively, Appellants sought a declaratory judgment
determining the rights of the parties and declaring Appellants to have been owners of one-half of the
subsurface rights since January 26, 1989. The declaration Appellants seek stems solely from their
alleged rights under the contract with Appellee. We can discern no other appropriate subject matter
for a declaratory judgment action in the instant case other than Appellants' contract with Appellee. 
See, e.g., Tex. Civ. Prac. & Rem. Code Ann. § 37.004(a) (Vernon 1997). Most notably however,
Appellants seek attorney's fees incurred as a result of representation they received "in connection
with the breach of contract" by Appellee. Thus, construing Appellants' pleadings liberally, and
indulging all inferences in Appellants' favor, we conclude that the facts pleaded by Appellants do
not satisfy Texas Rule of Civil Procedure 783. We further conclude that Appellants' pleadings,
considered as a whole, seek relief in the nature of specific performance of a contract, and are
therefore governed by a four-year statute of limitations. See Tex. Civ. Prac. & Rem. Code §
16.004(a)(1) (Vernon 1997). Appellants' first issue is overruled.


Repudiation by a Co-Tenant

 In their second issue, Appellants argue that upon fulfilling their obligations under the
contract, they became co-tenants with the Holcombs, and thus, Appellee was required to repudiate
their interest in order for the statute of limitations to run. A motion for summary judgment shall state
the specific grounds. See Abbott Lab., Inc. v. Segura, 907 S.W.2d 503, 507 (Tex. 1995). Issues not
expressly presented by written motion, answer or other response shall not be considered on appeal
as grounds for reversal. Id. In the case at hand, Appellants made no argument in their response to
Appellee's motion for summary judgment that the statute of limitations did not begin to run until
Appellee repudiated their interest in the land. In their response, Appellants contended that they were
co-tenants and, citing Johnson v. Wood, 157 S.W.2d 146 (Tex. 1941), argued that limitations did
not run against them at all. (3) Therefore, since Appellants did not raise the issue of repudiation as it
relates to the running of limitations by written motion, answer or other response, we will not
consider such an issue on appeal as grounds for reversal. See Segura, 907 S.W.2d at 507. 
Appellants' second issue is overruled.


Tolling Limitations - Fraud and the Discovery Rule

 In their third and fourth issues, Appellants argue that limitations should have been tolled
pursuant to either the discovery rule or by way of the fraud variety of deferred accrual exceptions. 
The discovery rule is a plea in confession and avoidance. Woods, C.R.N.A. v. William M. Mercer,
Inc., 769 S.W.2d 515, 517 (Tex. 1988). (4) A plea in confession and avoidance is one which avows
and confesses the truth in the averments of fact in the petition, either expressly or by implication, but
then proceeds to allege new matter which tends to deprive the facts admitted of their ordinary legal

effect, or to obviate, neutralize, or avoid them. Id., citing Black's Law Dictionary, 269 (5th ed.
1979). This most closely describes the function of the discovery rule, which asserts that while the
statute of limitations may appear to have run, giving rise to that appearance should not control. 
Woods, 769 S.W.2d at 518. A party seeking to avail itself of the discovery rule must therefore plead
the rule as a matter in avoidance, either in its original petition or in an amended or supplemented
petition, in response to defendant's assertion of limitations. Id. A defendant who has established
that the suit is barred cannot be expected to anticipate the plaintiff's defenses to that bar. Id. A
matter in avoidance of the statute of limitations that is not raised affirmatively by the pleadings will,
therefore, be deemed waived. Id.

 In the instant case, Appellants have failed to plead facts sufficient to put Appellee on notice
that they intended to rely on either the discovery rule or the fraud variety of deferred accrual
exceptions to Appellee's affirmative defense of limitations. Therefore, because Appellants have
failed to raise these matters in avoidance of the statute of limitations in their pleadings, we deem the
issues waived. Appellants' third and fourth issues are overruled.

 Accordingly, the trial court's order granting summary judgment against Appellants is
affirmed.


 SAM GRIFFITH 

 Justice



Opinion delivered May 22, 2002.

Panel consisted of Worthen, J., and Griffith, J.




 







(DO NOT PUBLISH)
1. The land was transferred from Madison Holcomb to Appellee following their divorce.
2. In its response to Appellee's motion for summary judgment, Appellants twice note that Appellee never
pleaded that the suit was barred by limitations, an affirmative defense. See Tex. R. Civ. P. 94. However, Appellants
make no mention of this argument in their brief. Moreover, at oral argument, when questioned about their omission,
Appellants stated to the court that they were not raising such an argument on appeal. Finally, Appellants conceded at
argument that if their lawsuit is characterized as a suit for specific enforcement of a contract, a four-year statute of
limitations was properly applied.
3. Unlike the present case, in Johnson v. Wood, the court categorized the appellant's lawsuit as a proper
trespass to try title action, for which there is no statute of limitations. See Johnson, 157 S.W.2d at 148.
4. Woods concerned a claim of deceptive trade practices. See Woods, 769 S.W.2d at 517. We have, in the
past, noted the distinction between the traditional discovery rule and the deferred accrual exceptions often applicable
in fraud and deceptive trade practices cases. See, e.g.,La Gloria Oil and Gas Co. v. Carboline Co., 12-00-00032-CV, 2001 WL 1654936, n.4 (Tex. App.-Tyler December 21, 2001). However, in so distinguishing these exceptions
to the traditional rule regarding accrual of causes of action, we have also noted the great similarities existing between
the rules, both in language and in application. Id. For the purposes of pleading requirements, we, like the court in
Woods, make no distinction between the traditional discovery rule and the deferred accrual exceptions.