# Supreme Court of Texas

No. 21-0065

Stephen Stelly,

*Petitioner*,

v.

John E. DeLoach, individually, John E. DeLoach as General
Partner of John E. DeLoach Family Limited Partnership, and
John E. DeLoach Family Limited Partnership,

*Respondents*

On Petition for Review from the
Court of Appeals for the First District of Texas

**PER CURIAM**

Stephen Stelly brought suit against his erstwhile business partner, John DeLoach.[1] Stelly claimed that DeLoach breached their contract by not delivering a real-property deed after Stelly had paid off the debt on the original purchase price of the land. Stelly prevailed at trial, where the jury found that he owns the land free of any encumbrance. The court of appeals reversed and rendered judgment for

---

[1] DeLoach passed away while this case was pending in the trial court. His estate continued the litigation.

DeLoach on the single ground that the statute of limitations had run on Stelly's breach-of-contract claim. We reverse the court of appeals' judgment, and we remand the case to that court for further proceedings.

Stelly has lived on and rented the land in question from the original owners since 1999. In April 2000, Stelly and DeLoach decided to form a joint farming venture. They purchased farming equipment and the 600 acres Stelly lived on from the original owners. They closed on the land transaction in October 2000, with DeLoach securing a $270,000 loan for the land from Capital Farm Credit. DeLoach's name alone was on the original warranty deed. Next, the agreement between DeLoach and Stelly read that "[Stelly] agrees to pay [DeLoach] the total notes, taxes, any fees for the 600 acres on F.M. 1663, along with all notes on equipment financing by [DeLoach]." DeLoach also agreed to pay Stelly $3,500 each month for Stelly to manage sugar-cane operations on the property. In exchange, Stelly made payments on the note, and allowed DeLoach free use of Stelly's combine equipment, which he had owned individually prior to the parties' agreement. The handwritten agreement concluded with the promise that "[u]pon final payment of property, [DeLoach] will deed property over to [Stelly]. Same with all equipment purchased."

Stelly made all the payments for the cost of the land; by May 2005, he had fully repaid DeLoach. In September 2005, both men signed a deed transferring approximately two and a half acres of the 600 acres to Stelly's parents for their home. Despite Stelly's performance, his continued use of the land as his home, and DeLoach's acceptance that Stelly could deed several acres to his parents, DeLoach did not transfer

the deed to Stelly. In 2008, DeLoach stopped paying Stelly monthly payments to manage the land. Finally, in 2015, DeLoach announced that Stelly did not own the land and that he intended to sell the 600 acres.

Stelly sued DeLoach for breach of their agreement for the sale of the land. The jury found that DeLoach materially breached their agreement. The trial court rendered judgment on the jury verdict and held that Stelly owned the real property and the equipment free and clear just as if DeLoach had conveyed title.

DeLoach appealed, and the court of appeals reversed and rendered. That court held that (1) Stelly only pleaded a breach-of-contract claim, not a trespass-to-try-title claim; (2) the breach-of-contract claim accrued at the time the breach occurred, which in this case was in 2005; and (3) Stelly's claim was therefore untimely because he sued six years after the breach, despite a four-year limitations period under Texas Civil Practice and Remedies Code Sections 16.004(a)(1) and 16.051. By contrast, it observed, a trespass-to-try-title claim would have been timely. ___ S.W.3d ___, 2020 WL 4689194, at *4-5 (Tex. App.—Houston [1st Dist.] Aug. 13, 2020). The appellate court therefore had no need to address any other issues that DeLoach had raised.

We reverse the court of appeals and remand for further proceedings. Under our holding in *Brumley v. McDuff*,[2] Stelly adequately pleaded a trespass-to-try-title claim and acquired equitable title upon completing payment to DeLoach for the amount of the original

---

[2] The court of appeals made its decision without the benefit of our holding in this case.

3

loan amount.  *See* 616 S.W.3d 826, 832 (Tex. 2021).

A trespass-to-try-title action requires the petition to allege: (1) the parties' real names and residences; (2) a legally sufficient description of the premises; (3) the plaintiff's claimed interest; (4) that plaintiff possesses the premises or is entitled to possession; (5) that the defendant unlawfully entered and dispossessed the plaintiff of the premises and withholds possession; and (6) a prayer for relief.  TEX. R. CIV. P. 783(a)–(e), (g); *Brumley*, 616 S.W.3d at 832.  We held in *Brumley* that "these pleading requirements [are] 'detailed,' but they are not arduous."  616 S.W.3d at 832.

Stelly satisfied these requirements.  In his petition, he included the parties' names and residences, a description of the premises "with sufficient certainty to identify the same," and the property interest claimed.  TEX. R. CIV. P. 783(b).  The petition prays for relief establishing Stelly's ownership of the entire 600 acres.  The petition names the 600 acres in Chambers County, and the exhibit attached to the pleadings is the agreement between Stelly and DeLoach, which describes the land at issue as Farm # 2504, "on Hwy 1663 and Oak Island Rd."  The petition states Stelly's claimed ownership, asserts that DeLoach unlawfully withheld possession and attempted to sell the land, and prays for recognized ownership over the entire parcel.  TEX. R. CIV. P. 783(a)–(e), (g).

Under *Brumley*, Stelly adequately pleaded a trespass-to-try-title claim regardless of how that claim was denominated in the petition. *See Brumley*, 616 S.W.3d at 833 n.39 (collecting cases).  As in *Brumley*, every party here knew what was at issue and that Stelly sought clear title to

4

the land.  *See id.* at 832.  DeLoach had sufficient information about Stelly's claim to prepare a defense, even under a trespass-to-try-title claim.  In *Brumley* we held that "[t]hough it would have been better to use the statutory 'trespass to try title' name to describe their claim, there is no doubt that the Brumleys sought ownership of the property . . . in their pleadings, not merely to 'adjudicate the supremacy of their title.'"  *Id.* at 835 (citing *Roark v. Allen*, 633 S.W.2d 804, 810 (Tex. 1982)).  So too, here, there was no doubt that Stelly sought ownership of the property and DeLoach had notice throughout the case of what was at issue.

DeLoach does not contest that a trespass-to-try-title action where equitable title vested would be exempt from the four-year limitations period.  *See* TEX. CIV. PRAC. & REM. CODE § 16.051 (exempting recovery for real property); *Jackson v. Hernandez*, 285 S.W.2d 184, 191 (Tex. 1955).  The jury found that an agreement existed between DeLoach and Stelly, that Stelly had not breached the agreement, and that DeLoach had failed to comply.  Under our precedents, this jury determination is sufficient to find that Stelly was "vested with an equitable title to the property sufficient to enable him to maintain his action in trespass to try title."  *Johnson v. Wood*, 157 S.W.2d 146, 148 (Tex. [Comm'n Op.] 1941).

Therefore, without hearing oral argument, pursuant to Texas Rule of Appellate Procedure 59.1, we reverse the court of appeals' judgment and remand the case to that court for further proceedings.

**OPINION DELIVERED:** April 8, 2022

5