**Robert GRAVES and Barbara Graves, Appellants,**

v.

**Ronald DIEHL and Constance Diehl, Appellees.**

No. 14–97–00394–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 11, 1997.

Robert C. Graves, League City, for appellants.

David B. Adler, Bellaire, for appellees.

Before LEE, AMIDEI and ANDERSON, JJ.

**OPINION**

LEE, Justice.

This is an appeal from a summary judgment granted in favor of Ronald and Constance Diehl ("the Diehls") in a nuisance suit brought by Robert and Barbara Graves ("the Graves"). In four points of error[1] the Graves challenge the trial court's order granting summary judgment in favor of the Diehls. We reverse and remand.

The Graves and the Diehls live across the street from each other in a fairly rural area near Santa Fe, Texas. In 1994, the Diehls constructed an unpaved airstrip on their property. Ronald Diehl, an amateur pilot, uses the strip, and according to the Graves, allows third parties to use it as well.

In 1995, the Graves filed suit against the Diehls alleging the Diehls' use of the runway and its use by third parties was unreasonable because air traffic caused excessive noise and created dangerous and hazardous conditions resulting in a direct threat to the Graves' health and safety. The Graves claimed the use of the runway denied them the quiet and peaceful enjoyment of their property, caused material personal discomfort, substantial annoyance, and depreciation of the market value of the properties around the runway. The Graves sought a permanent injunction requiring the Diehls to "cease and desist" in the use and operation of the runway, or alternatively, money damages.

The Diehls filed a motion for summary judgment claiming they were entitled to judgment as a matter of law because the Graves have no ownership interest in the property upon which they reside. They argued the only possible claim the Graves have to any interest in the property is through a contract for deed, and a contract for deed does not transfer any property right. The Diehls also moved for summary judgment on the alternative ground of laches claiming the Graves are not entitled to bring this action

---

1. Point of error one is a general point that states "The trial court erred in granting Appellees' motion for summary judgement." Points of error two through four are specific contentions subsumed under this general contention. We will refer to a specific argument by the point of error to which it specifically relates. We will thereby rule on points of error one by ruling on the points that contain a specific contention.

because they did not mention any opposition to the landing strip until the Diehls completed it, improved the property around it, and operated it.

On January 16, 1997, the trial court granted summary judgment for the Diehls stating in its order:

> [T]he Court . . . is of the opinion that there is no genuine issue as to any material fact regarding Plaintiffs' property interest. Viewing all of the facts in the light most favorable to Plaintiffs, and resolving all doubts regarding that evidence in Plaintiffs' favor, Plaintiffs do not have a property interest such that they may bring this action. The Court is further of the opinion that, viewing all of the facts in the light most favorable to Plaintiffs, and resolving all doubts regarding that evidence in Plaintiffs' favor, the facts in this case conclusively establish all of the elements of Laches and find that Plaintiffs failed to bring this action in a reasonable time, given the facts and circumstances of this case, and that Defendants acted in detriment reasonably based on Plaintiffs['] actions and inaction.

Thus, the court found the Diehls were entitled to summary judgment on both grounds raised in their motion: lack of a property interest and laches. On this basis, the trial court denied all monetary and injunctive relief sought by the Graves. The Graves perfected this appeal challenging the trial court's decision.

The standard for reviewing summary judgments is well settled. Summary judgment is proper only when the movant establishes there are no genuine issues of material fact and proves he is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management, Co.,* 690 S.W.2d 546, 548 (Tex.1985);

*Shannon v. Texas Gen. Indem. Co.,* 889 S.W.2d 662, 663 (Tex.App.—Houston [14th Dist.] 1994, no writ). Evidence favorable to the non-movant will be taken as true, every reasonable inference will be indulged in favor of the non-movant, and any doubts resolved in his favor. *Nixon,* 690 S.W.2d at 548–49; *Montgomery v. Kennedy,* 669 S.W.2d 309, 310–11 (Tex.1984). A defendant who moves for summary judgment has the burden of showing that as a matter of law no material issues of fact exist on one or more elements of the plaintiff's cause of action. *Black v. Victoria Lloyds Ins. Co.,* 797 S.W.2d 20, 27 (Tex.1990); *Arnold v. Nat'l County Mut. Fire Ins. Co.,* 725 S.W.2d 165, 166–67 (Tex. 1987). A summary judgment for a defendant, which disposes of the entire case, is proper only if, as a matter of law, the plaintiff could not succeed upon any theory pled. *Delgado v. Burns,* 656 S.W.2d 428, 429 (Tex. 1983); *Shannon,* 889 S.W.2d at 664.

 In points of error two and three, the Graves contend the trial court erred in granting summary judgment in favor of the Diehls on the basis that the Graves lacked a sufficient property interest in the property upon which they reside to maintain a private nuisance action.[2] The summary judgment proof shows that the Graves' interest in the property upon which they reside rests solely upon a contract for deed. Therefore, the issue to be resolved in these points of error is whether a contract for deed provides an interest sufficient to permit the property occupant to assert a private nuisance claim. We find that it does.

 A contract for deed is an agreement by a seller to deliver a deed to property once certain conditions have been met. BLACK'S LAW DICTIONARY 325 (6th ed.1990). These

---

2. In point of error two, the Graves claim the trial court erred in granting summary judgment on the basis that they did not have a sufficient property interest to bring a nuisance suit. In point of error three they complain the trial court erred in finding the Graves had no *standing* to bring a private nuisance action. A plaintiff has *standing* when it is personally aggrieved, regardless of whether it is acting with legal authority; a party has *capacity* when it has the legal authority to act, regardless of whether it has a justiciable interest in the controversy. *Nootsie, Ltd. v. Wil-*

*liamson Cty. Appraisal Dist.,* 925 S.W.2d 659, 661 (Tex.1996) (emphasis in the original). A review of the Graves' arguments under points of error two and three show they are complaining about the trial court's finding they did not have the capacity to bring the suit because they lacked a sufficient legal interest in the property upon which they reside. Thus, point of error three is nothing more than a restatement of point of error two in alternate terminology, and we will review the points as one argument.

contracts, also referred to as "land sale contracts" or "contracts of sale" typically provide that upon making of a down payment, the buyer is entitled to immediate possession of the property; however, title remains in the seller until the purchase price is paid in full. *In re Waldron,* 65 B.R. 169, 170 (Bankr.N.D.Tex.1986). The purchase price is typically paid in installments over a course of years. *Id.* The contract for deed entered into by the Graves provided for a down payment of $4,000.00, and a deferred principal in the amount of $32,000.00, to be paid over a period of eight years. The Graves' contract is clearly a contract for deed because it provides that only when the Graves have paid "the entire deferred principal," will the seller convey the property to them by warranty deed.

■ The Graves contend that beyond their contractual interest in the property, they have equitable title to it. On this point, the Graves case authority stems from a single source: *Leeson v. City of Houston,* 243 S.W. 485 (Tex. Comm'n App.1922, judgm't adopted). In *Leeson,* the commission held:

> By the great weight of authority it is now held that, although the legal title does not pass to the vendee under a contract of sale until actual delivery of a deed to the property still the vendee under such contract of purchase, especially where he goes into possession of the property, is invested with the equitable title from the date of the contract, or in any event, from the date he takes possession, and any increment, advantage, or enhancement to the property inures to his benefit, and any detriment, depreciation, or loss thereto without fault of either party must be borne by him.

243 S.W. at 488. *Leeson* was decided by the Texas Commission of Appeals, an adjudicative body formed to alleviate the workload of the higher courts of Texas. *Club Corp. of Am. v. Concerned Property Owners for April Sound,* 881 S.W.2d 620, 625–26 (Tex.App.— Beaumont 1994, writ denied) (citing TEXAS RULES OF FORM ch. 5, at pages 14–17 (Texas Law Review 8th ed.1995)). The precedential value of a case decided by the commission depends on whether the opinion was adopted, the holding was approved, or the judgment

was adopted by the Texas Supreme Court. *Id.* at 626. If the supreme court adopts the commission's opinion, then it is treated precedentially as having the full authority of a Texas Supreme Court decision. *Id.* If, however, the supreme court merely approves the holding or adopts only the judgment, then the precedential value of the commission's opinion is limited. *Id.* By adopting the judgment in *Leeson,* the supreme court indicated that it neither approved the specific holding nor reasoning of the commission. *See id.* Thus, *Leeson's* value as precedent on the issue of property interests conferred by a contract for deed appears, at first glance, questionable. The Texas Supreme Court, however, has more recently cited with approval the specific portion of *Leeson* relied upon by the Graves in two separate opinions. *See Fant v. Howell,* 547 S.W.2d 261, 264–65 n. 5 (Tex.1977); *City of Austin v. Capitol Livestock Auction Co.,* 453 S.W.2d 461, 464 (Tex.1970). *Leeson,* therefore, has been approved by the Texas Supreme Court.

Nineteen years after *Leeson,* the commission decided the case of *Johnson v. Wood,* 138 Tex. 106, 157 S.W.2d 146 (Tex. Comm'n App.1941, opinion adopted). The opinion was adopted by the supreme court, and therefore, it has the full authority of a supreme court decision. *Club Corp.,* 881 S.W.2d at 625; *see* TEXAS RULES OF FORM ch. 5, at pages 14–17 (Texas Law Review 8th ed.1995). In *Johnson,* the supreme court held that a purchaser under a contract for deed possesses only an *equitable right* to complete the contract. 157 S.W.2d at 148 (emphasis added). The court held that a purchaser's equitable right does not ripen into equitable title to the property until he has fully performed under the contract, i.e., paid the full purchase price. *Id.* Thus, under the holding in *Johnson,* until the purchaser fully performs, the only interest he or she possesses is the right to perform under the contract; the purchaser has no interest in the property. *Waldron,* 65 B.R. at 172; *Club Corp.,* 881 S.W.2d at 625 (citing *Waldron,* 65 B.R. at 173).

Clearly, there is a conflict between *Leeson* and *Johnson* on the issue of the initial interest obtained by a purchaser under a contract for deed: *Leeson* holds the purchaser re-

ceives equitable title, while *Johnson* holds he receives an equitable right.[3] We find, however, that we need not resolve the conflict to decide this case.[4]

■ This court has previously held that a party having nothing more than a mere naked possession of land cannot maintain a suit to restrain a nuisance which injures land or the lawful enjoyment thereof. *Freedman v. Briarcroft Property Owners, Inc.*, 776 S.W.2d 212, 215 (Tex.App.—Houston [14th Dist.] 1989, writ denied) (citing 66 C.J.S. *Nuisances* § 81 (1950)). The Graves, however, have more than "mere naked possession." They either have equitable title to the property, *see Leeson*, 243 S.W. at 488, or they have an equitable interest in the property in the form of a right to full performance under the contract for deed. *See Johnson*, 157 S.W.2d at 148. In either case, we hold their interest in the property is sufficient to permit an action for nuisance against a third party.

Our holding is supported by numerous courts' of appeals decisions and one supreme court case from 1970. These decisions, whether speaking in terms of an equitable right or equitable title, have generally given a purchaser under a land sale contract all the rights and incidents of title usually accorded only to the holder of full equitable title in other states. Don M. Dean, *Real Property— Executory Land Contracts—Passage of Equitable Title*, 11 Sw. L.J. 384, 385 (1957); *see Pentagon Enters. v. Southwestern Bell Tel. Co.*, 540 S.W.2d 477, 478 (Tex.Civ.App.— Houston [14th Dist.] 1976, writ ref'd n.r.e.) (stating that purchaser under executory contract who has neither actual possession nor right to immediate possession cannot maintain suit for trespass); *Furman v. Sanchez*, 523 S.W.2d 253, 257–58 (Tex.Civ.App.—San

Antonio 1975, no writ) (holding that deceased vendee under contract for deed has same protection and is entitled to same legal and equitable relief as vendee under sale by deed of trust with vendor's lien); *Bucher v. Employers Cas. Co.*, 409 S.W.2d 583, 585 (Tex. Civ.App.—Fort Worth 1966, no writ) (holding that insurance company was relieved from liability for fire loss which occurred following transfer of property by contract for deed). For example, in *Capitol Livestock*, the supreme court stated that a purchaser in possession under an executory contract, i.e., a contract for deed, is entitled to the condemnation award in an eminent domain case. 453 S.W.2d at 464. In reaching its decision, the court analogized to a nuisance case in which a purchaser under a contract for deed sued for damages done to his property by reason of air pollution from a city sewage plant. *Id.* (citing *City of Garland v. Wentzel*, 294 S.W.2d 145, 147 (Tex.Civ.App.—Dallas 1956, writ ref'd n.r.e.)). The court found that *Wentzel* court correctly stated the rule that a purchaser under an executory contract has the exclusive right to sue for damages to the freehold. *Id.*

■ The only cases we have found in which the purchaser's interest under a contract for deed is insufficient to permit him to bring an action is when the purchaser attempts to sue the seller for trespass to try title. *See, e.g., Johnson*, 157 S.W.2d at 148. Thus, while the interest of a purchaser under a contract for deed is insufficient to allow claims against the seller for trespass, the interest is sufficient for claims against third parties. Therefore, we hold the trial court improperly granted summary judgment in favor of the Diehls, and we sustain points of error two and three.

---

3. The Beaumont Court of Appeals holds that *Johnson* is the controlling law in Texas. *Club Corp. of Am. v. Concerned Property Owners for April Sound*, 881 S.W.2d 620, 626 (Tex.App.— Beaumont 1994, writ denied). That court reasoned that because the entire opinion in *Johnson* was adopted by the supreme court and the case was decided almost twenty years after *Leeson*, that the holding in *Johnson* implicitly overruled the commission's holding in *Leeson*. *Id.* Accordingly, the Beaumont court found *Johnson* reflected the current state of Texas law and held that a contract for deed is an executory contract

and a purchaser under such a contract possesses no title in the property until he or she fully performs. *Id.*. Only upon full performance does the purchaser gain equitable title. *Id.*

4. Two courts have discussed and resolved, to their satisfaction, the conflict between *Leeson* and *Johnson*. *See In re Finley*, 138 B.R. 181, 182–84 (Bankr.E.D.Tex.1992); *Club Corp. of Am. v. Concerned Property Owners for April Sound*, 881 S.W.2d 620, 625–26 (Tex.App.—Beaumont 1994, writ denied).

In their fourth point of error, the Graves contend the trial court erred in granting summary judgement in favor of the Diehls on the grounds of laches. Laches is not mere delay but delay that works a disadvantage to another. *Culver v. Pickens,* 142 Tex. 87, 176 S.W.2d 167, 170–71 (1943). Two essential elements must exist for laches to bar a claim: (1) a party's unreasonable delay in asserting a legal or equitable right; and (2) a good faith change of position by another to his detriment because of the delay. *Rogers v. Ricane Enters., Inc.,* 772 S.W.2d 76, 80 (Tex.1989); *Carter v. Charles,* 853 S.W.2d 667, 672 (Tex.App.—Houston [14th Dist.] 1993, no writ). As a general rule, laches is inappropriate when the controversy is one to which a statute of limitations applies. *Stevens v. State Farm Fire and Cas. Co.,* 929 S.W.2d 665, 672 (Tex.App.—Texarkana 1996, writ denied). In exceptional circumstances, however, laches may bar a claim in a period shorter than that established by an applicable statute of limitations. *Barfield v. Howard M. Smith Co. of Amarillo,* 426 S.W.2d 834, 840 (Tex.1968); *Stevens,* 929 S.W.2d at 672 (citing *Conrads v. Kasch,* 26 S.W.2d 732, 737–38 (Tex.Civ.App.—Austin 1930), *writ ref'd per curiam,* 119 Tex. 449, 31 S.W.2d 630 (1930)).

The statute of limitations in a nuisance suit is two years. *See* Tex. Civ. Prac. & Rem.Code Ann. § 16.003(a) (Vernon Supp.1997); *Abbott v. City of Princeton,* 721 S.W.2d 872, 875 (Tex.App.—Dallas 1986, writ ref'd n.r.e.). The Diehls admit the Graves brought suit within a year after the runway was completed; however, they contend they were entitled to summary judgment because "Robert Graves, a practicing attorney, and his wife Barbara, quietly observed the construction of the airstrip without raising even the slightest objection." Apparently, the Diehls believe the fact that Mr. Graves is an attorney and the couple knew the Diehls were constructing an airstrip for almost a year before they filed suit are exceptional circumstances justifying the application of laches.

In support of their laches defense, the Diehls relied on the fact that Mr. Graves was an attorney and then submitted as evidence some notes written by Mrs. Graves describing three landings on the runway and Mr. Diehl's affidavit. We have reviewed this evidence and find it does not prove "exceptional" circumstances as a matter of law. Mr. Diehl states in his affidavit that no one ever voiced any concerns to him while the landing strip was under construction in plain sight. He stated that if objections had been expressed, he would not have continued. In response, the Graves submitted an affidavit in which Mr. Graves swore he went to Mr. Diehl and expressed concern about aircraft flying in and out on the airstrip, but Mr. Diehl assured him there would be fewer landings and departures once the "newness" of the strip wore off.

Obviously, there is a conflict over whether any one expressed concern over the airstrip, and when. Moreover, the Diehls seem to argue we should begin looking at the running of time from the first date of construction for the purposes of laches. The Graves complaint, however, is not about the construction of the landing strip; rather, their complaint is over its use or "misuse" by the Diehls and third parties. That complaint could not have been voiced or raised until the strip was actually in use for a period of time. It is only common sense that until planes actually began using the runway that the Graves could not have known how dangerous or disturbing the use of the strip might be. We hold the summary judgment proof does not establish the affirmative defense of laches. We sustain point of error four.

Because the Graves had an interest sufficient to maintain the nuisance action and there was insufficient summary judgment proof to establish the defense of laches as a matter of law, we reverse the judgment of the trial court and remand the case for trial.