MEMORANDUM OPINION



No. 04-03-00097-CV



TEXAS BEST MORTGAGE, INC.,


Appellant



v.



Rafael R. NIEVES, Maria S. NIEVES, and all other occupants,


Appellees



From the County Court at Law No. 10, Bexar County, Texas


Trial Court No. 279,577


Honorable David J. Rodriguez, Judge Presiding



Opinion by: Phylis J. Speedlin, Justice


Sitting: Alma L. López, Chief Justice

 Sarah B. Duncan, Justice

 Phylis J. Speedlin, Justice


Delivered and Filed: November 5, 2003


AFFIRMED

 Texas Best Mortgage, Inc. ("Texas Best") brought a forcible entry and detainer action in the justice
court against Rafael and Maria Nieves ( "Nieves") following their alleged default under a contract of sale
involving residential property. The justice court issued a default judgment against the Nieveses, who then
appealed to the county court. After an evidentiary hearing on jurisdiction,

the county court granted the Nieves' plea to the jurisdiction and dismissed the case for want of jurisdiction.
In four issues, Texas Best contends the trial court erred in dismissing its suit for forcible detainer. We affirm
the trial court's dismissal order. 

Background

Texas Best and Mr. and Mrs. Nieves entered into a written contract of sale concerning a residential
home and property located in Bexar County. Texas Best asserts the contract was an earnest money
contract for the sale of the property, that Texas Best owns the fee simple title to the property, and that
Texas Best allowed Mr. and Mrs. Nieves to take possession of the property until they failed to close
according to the terms of their earnest money contract. Mr. and Mrs. Nieves insist the contract at issue
is a contract for deed that provided for a down payment and then monthly payments for thirty years. Once
the down payment was made, Mr. and Mrs. Nieves were entitled to possession of the property, and
continued to make monthly house payments until Texas Best refused to accept any further payments. 

 Forcible Detainer Action

A forcible detainer action is the procedure by which the right to immediate possession of real
property is determined. Dormady v. Dinero Land & Cattle Co., 61 S.W.3d 555, 557 (Tex. App.--San
Antonio 2001, pet. dism'd w.o.j.). The action was created to provide a speedy, simple, and inexpensive
means to obtain possession without the necessity of a more expensive suit on the title. Scott v. Hewitt,
90 S.W.2d 816, 818-19 (Tex. 1936). Accordingly, the only issue in a forcible detainer action is the right
to actual possession of the property; the merits of the title shall not be adjudicated. See Tex. R. Civ. P.
746. 

 Jurisdiction and Standard of Review

Jurisdiction to hear forcible detainer actions is expressly vested in the justice court where the
property is located, and on appeal, to the county court for a trial de novo. Tex. Prop. Code Ann.
§ 24.004 (Vernon 2000); Tex. R. Civ. P. 749. A justice court is without jurisdiction to adjudicate title to
land. Tex. Gov't Code Ann. § 27.031(b)(4) (Vernon Supp. 2003). Thus, in a forcible detainer suit,
neither a justice court nor a county court on appeal has jurisdiction to determine the issue of title to real
property. See Tex. R. Civ. P. 746; Ward v. Malone, 115 S.W.3d 267, 270 (Tex. App.--Corpus Christi
2003, no pet.). It is incumbent on the pleading party to allege facts that affirmatively demonstrate the
court's jurisdiction to decide a case. Texas Ass 'n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 446
(Tex. 1993). The trial court may consider evidence when making its determination as to jurisdiction, and
must do so when necessary to resolve the jurisdictional issues raised. Bland Indep. Sch. Dist. v. Blue, 34
S.W.3d 547, 555 (Tex. 2000).

An appellate court reviews a trial court's ruling on subject matter jurisdiction under a de novo
standard. Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998). In making its de novo
review, an appellate court construes the pleadings in favor of the plaintiff and looks to the pleader's intent. 
See Texas Ass'n of Bus., 852 S.W.2d at 446. The appellate court takes the facts pled as true and
considers any evidence in the record to the extent necessary to resolve the issue of subject matter
jurisdiction. See Bland Indep. Sch. Dist., 34 S.W.3d at 555. 

Analysis

Texas Best contends that title is not at issue. Therefore, the county court erred in concluding that
it did not have jurisdiction to decide the forcible detainer suit. Specifically, Texas Best argues its fee simple
title to the property is established as a matter or law by the certified copy of the warranty deed and the trial
testimony of Mrs. Nieves admitting that she did not have title to the property. Additionally, Texas Best
insists that the underlying contract was as an earnest money contract, and that Mrs. Nieves was in
possession of the property by permission of the owner as a tenant-at-will. Accordingly, when Mr. and
Mrs. Nieves failed to perform the earnest money contract, Texas Best was entitled to bring the forcible
detainer action. 

By contrast, Mr. and Mrs. Nieves maintain a dispute regarding title to the property exists to divest
the trial court of jurisdiction. The contract at issue was admitted into evidence at the hearing and is entitled
"Contract of Sale." It provides a purchase price of $50,000 with $5,000 to be paid cash and $45,000 to
be paid in 360 payments of $480.27, due on the 26 th day of each month, starting October 26, 2001, at
an interest rate of 12.5%. The contract provides that the buyer is to pay taxes effective 2001 and is to
continue paying each year thereafter. The contract further specifies that the buyer is to provide hazard
insurance; is purchasing "as is" with no warranties; and will receive a deed of trust and an owner's title
policy although the contract does not specify when the closing of the sale is to occur. Mr. and Mrs. Nieves
argue that they are in possession of the property as an owner/buyer because the parties' underlying contract
is an executory contract for conveyance of real property (also known as a "contract for deed"). 

A contract for deed is an agreement by a seller to deliver a deed to property once certain
conditions have been met. Graves v. Diehl, 958 S.W.2d 468, 470 (Tex. App.--Houston [14th Dist.]
1997, no pet.). It generally provides that upon making a down payment, a buyer, such as the Nieveses,
is entitled to immediate possession of the property. Id. at 471. The purchase price is then paid in
installments over the course of several years, and the seller does not deliver legal title to the property until
the buyer pays the purchase price in full. Id. 

The Nieves' verified plea to the jurisdiction claims an ownership interest in the house, disputes "the
alleged default under the contract of sale,"and further challenges "the Plaintiff's right to possession under
the contract." In addition, Mr. and Mrs. Nieves testified at trial that they believed they had an ownership
interest in the house from the moment of signing the contract of sale. They further testified that they made
cash payments totaling $1,000 and monthly house payments pursuant to the contract of sale until Texas
Best refused to accept any further payments. 

Clearly, there is a factual dispute between the parties as to the nature of the contract between them,
whether one or the other had breached the contract, and who had the right to possession of the property.
A justice court is deprived of jurisdiction if the right to immediate possession necessarily requires the
resolution of a title dispute. Dormady, 61 S.W.3d at 557-58.

We recognize that several decisions have held that justice and county courts do not exceed their
jurisdiction in a forcible entry and detainer cases notwithstanding the existence of a contract for deed. In
those cases, however, the contract for deed expressly provided for a landlord-tenant relationship in case
of default, provided that the buyers would become tenants at sufferance in the event of default, or that the
buyer was subject to a forcible detainer action upon the default. See Rice v. Pinney, 51 S.W.3d 705, 712
(Tex. App.--Dallas 2001, no pet.); Martinez v. Daccarett, 865 S.W.2d 161, 163 (Tex. App.--Corpus
Christi 1993, no pet.); Home Sav. Ass'n v. Ramirez, 600 S.W.2d 911, 913 (Tex. Civ. App.--Corpus
Christi 1980, writ ref'd n.r.e.) Here, no such provision exists in the contract for sale. 

Under the facts of this case, the right to immediate possession of the disputed property necessarily
requires resolution of a title dispute. Accordingly, the trial court was correct to dismiss the action for lack
of jurisdiction. We affirm the trial court's dismissal order.


 Phylis J. Speedlin, Justice