NUMBER 13-04-375-CV

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG

 

CARLOS MORA AND MARIA MORA,                                         Appellants,

 

                                                             v.                                

 

CITY OF MISSION, ET AL.,                                                             Appellees.

 

      On
appeal from the 275th District Court of Hidalgo County, Texas.

 

 

                               MEMORANDUM
OPINION

 

                          Before
Justices Yañez, Castillo, and Garza 

                            Memorandum Opinion
by Justice Garza           








This is an appeal from an eminent domain
proceeding.  Carlos and Maria Mora
executed a contract for deed to purchase property owned by Jose and Maria
Ruiz.  After the contract was executed
but before title was conveyed to the Moras, the City of Mission instituted an
eminent domain proceeding to condemn the property.  A special commission awarded $85,000 jointly
to the Moras and the Ruizes for the property. 
The Moras subsequently appealed the commission=s award to the county court at law, which
transferred the case to district court because the Moras and the Ruizes became
embroiled in a title dispute regarding the property.  The Ruizes filed a motion for summary
judgment, arguing that the Moras no longer had any interest in either the
property or the commission=s award because they had defaulted on the contract
for deed during the pendency of the eminent domain proceeding.  The City of Mission also filed a motion for
summary judgment, arguing that the Moras had no standing to appeal the
commission=s award and no right to any portion of the award
because their interest in the property had been terminated by their default on
the contract.  The trial court set both
motions for hearing and issued a judgment stating that the Moras= interest had been canceled by their default and
authorizing the City of Mission to pay the commission=s award solely to the Ruizes.  The Moras now appeal by two issues.








As a preliminary matter, the Moras contend that the
document was not a contract for deed but an instrument of conveyance and could
not be cancelled due to their default.  We
disagree.  In their response to the City
of Mission=s motion for summary judgment, the Moras admit that
they Apurchased from Jose Ruiz and Marla Idaliea Ruiz the
real property in question on March 22, 2002 via a contract for deed that was
filed with the Hidalgo County Clerk=s office real estate records.@  Furthermore,
the document bears the characteristics of a contract for deed:  it states that the sellers agree to convey
title to the property subject to certain conditions, calls for a down payment,
provides for monthly installments until the balance of the purchase price is
tendered, and allows the purchasers to take possession of the property upon
execution of the contract.  Graves v.
Diehl, 958 S.W.2d 468, 470B71 (Tex. App.CHouston [1st Dist.] 1997, no pet.); see also Ward
v. Malone, 115 S.W.3d 267, 270B71 (Tex. App.CCorpus Christi 2003, no pet.).  Given the foregoing considerations, we will
not disturb the trial court=s conclusion that the document was a contract for
deed.  The Moras= first issue is overruled.  

In their second issue, the Moras contend that the
trial court improperly awarded summary judgment to the City of Mission because
there was no claim or counterclaim involving the City of Mission and thus
summary judgment was unavailable under rule 166a.  See Tex.
R. Civ. P. 166a.  We
disagree.  This proceeding was instituted
by the City of Mission to acquire a fee simple interest in land owned by the
Moras and the Ruizes. The City=s motion for summary judgment sought to dispose of
its claim against the Moras because the Moras no longer had any interest in the
land and were not entitled to any of the proceeds of the commission=s award.  The
trial court=s summary judgment was not erroneous because it
disposed of the City=s claim against the Moras.  The Moras=
second issue is overruled.             

The judgment of the trial court is affirmed.                         

 

 

_______________________

DORI CONTRERAS GARZA,

Justice

 

Memorandum Opinion delivered and 

filed this the 21st day of July, 2005.