Affirmed and Memorandum Opinion filed August 3, 2010.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-09-00472-CV

___________________

 

Southern Vanguard Insurance Company,
Appellant

 

V.

 

Michael Silberstein, Appellee



 



 

On
Appeal from the County Civil Court at Law Number 2

Harris County,
Texas



Trial Court Cause No. 878390

 



 

 

MEMORANDUM OPINION

            Appellant, Southern Vanguard Insurance Company,
appeals from a final judgment entered following the trial court granting two
motions for partial summary judgment filed by appellee, Michael Silberstein. 
Finding no error, we affirm.

Factual and
Procedural Background

            Appellee
was in the business of buying and selling single family residential
properties.  This appeal relates to two of those properties, one located at
4227 Brookston, the second at 16114 Beckridge.

I.         The
Brookston Property

In May of 1994, appellee
sold the Brookston property to Rubin Eugene and Audrey Cook via a contract for
deed.  Silberstein was the record legal title owner of the Brookston property
while Eugene and Cook were in possession of the premises pursuant to the
contract for deed.  On April 23, 2006, the Brookston property was destroyed by
a fire.  Following the fire, Eugene and Cook moved out, voluntarily abandoning
their interest in the property, and terminated the contract for deed. 
Eventually, appellee rebuilt the premises.

II.        The
Beckridge Property

In October of 1992,
appellee sold the Beckridge property to Lover Jimenez via a contract for deed. 
Silberstein was the record legal title owner of the Beckridge property while
Jimenez was in possession of the premises pursuant to the contract for deed. 
On August 26, 2006, the Beckridge property was destroyed by a fire.  Following
the fire, Jimenez did not abandon her interest in the property or her
obligations under the contract for deed.  Once appellee rebuilt the house,
Jimenez moved back in.

III.      The
Contracts for Deed

            Each
contract for deed addressed insurance.  They gave appellee (1) the right to
make a claim for any fire loss if not promptly made by the purchaser; and (2)
all authority to collect all monies due under the insurance policies and apply
the same to the restoration of the property if economically feasible.  The
contracts for deed also subordinated any right or interest of the purchasers of
the two properties to the right of appellee to burden the property by a
mortgage or mortgages.  In addition, the contracts for deed gave appellee the
right to force the purchasers to accept a conveyance to the purchaser coupled
with the execution of a note and deed of trust reserving a vendor’s lien in
appellee.

IV.      The
Insurance Policies

Appellee purchased
standard homeowners fire insurance policies for each property from appellant. 
The policy limit for each policy was $65,000.00.  Appellee disclosed the
existence of both contracts for deed, as well as the identity of the purchasers
of both properties, to appellant.  Appellee was a named insured under both
policies while the purchasers of the two properties were not.  The Brookston policy
named Union Planters Bank as mortgagee.[1] 
The Beckridge policy named Royal Oaks Bank as mortgagee.[2]  Both policies also
include an insurable interest clause:

Insurable Interest and Limit of Liability.  Even if more
than one person has an insurable interest in the property covered, we will not
be liable in any loss:

            a.         for an amount greater than the
interest of a person insured under this policy; or

            b.         for more than the applicable limit
of liability.

Appellant determined that
both fires were covered losses.  In addition, appellant determined that the cost
to repair each residence exceeded the policy limit of the applicable policy.  With
respect to both properties, appellant asserted appellee’s interest was limited
to that of a mortgagee.  With respect to the Brookston property, appellant paid
appellee $44,497.99, the amount appellant asserted was the unpaid balance on
that contract for deed.  In addition, appellant paid appellee $35,831.91, the
amount appellant asserted was the unpaid balance on the Beckridge contract for
deed.

 

III.      Procedural
History

            Appellant
initiated a lawsuit against appellee seeking a declaratory judgment regarding
the amount of appellee’s insurable interest on the Brookston property. 
Appellee filed a counterclaim asserting breach of contract and other related
causes of action.  Eventually, the Beckridge property was added to the lawsuit. 
Appellee also filed a third-party action against various parties who had served
as his insurance agents.  

Appellee filed a motion
for interlocutory summary judgment on appellant’s declaratory judgment suit asking
the trial court to declare his interest in the Brookston property to be more
than that of a mortgagee and that he is entitled to recover the $65,000.00
policy limits.  In response, appellant moved for summary judgment on its
declaratory judgment claims related to both the Brookston and Beckridge properties. 
The trial court granted appellee’s motion and entered an order declaring the
following: (1) the Brookston property was, as of April 23, 2006, subject to a
contract for deed; (2) as of April 23, 2006, the contract for deed was a future
conveyance and not a present conveyance; (3) as of April 23, 2006, appellee was
the legal title owner of the Brookston property; (4) as a result of the April
23, 2006 fire, appellee was entitled to the actual cash value of the fire
damage to the Brookston property subject only to the $65,000.00 policy limits;
and (5) the actual cash value of appellee’s claim exceeded the $65,000.00
policy limit.

Following the trial
court’s granting of appellee’s motion for interlocutory summary judgment,
appellee filed a second motion for interlocutory summary judgment on his breach
of contract actions related to both the Brookston and Beckridge properties.  The
trial court granted this motion as well.  After the trial court granted his
second motion for interlocutory summary judgment, appellee non-suited his claims
against the various third-party defendants.  The parties then filed a Rule 11
agreement which included an Unopposed Motion for Entry of Final Summary
Judgment covering both the Brookston and Beckridge properties.  The trial court
signed the final order of summary judgment awarding appellee damages and
attorney’s fees.  This appeal followed. 

Discussion

            In
a single issue on appeal, appellant asserts the trial court erred when it
granted appellee’s motions for interlocutory summary judgment.  Appellant
contends the trial court erroneously determined that appellee retained an
insurable interest in the full insured value of the two properties.  Appellant
then asks this court to reverse the trial court’s judgment and remand this
matter back to the trial court for further proceedings.

I.         The standard of
review.

The movant for summary judgment has the burden to
show there is no genuine issue of material fact and it is entitled to judgment
as a matter of law.  Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548
(Tex. 1985).  If there is no genuine issue of material fact, summary judgment
should issue as a matter of law.  Haase v. Glazner, 62 S.W.3d 795, 797
(Tex. 2001).  We review a trial court’s summary judgment de novo.  Valence
Operating Co. v. Dorsett, 164 S.W.3d 656, 661 (Tex. 2005). 

II.        Did the trial
court err when it granted appellees’ motions for summary judgment?

            A contract for
deed is an agreement by a seller to deliver a deed to property once certain
conditions have been met.  Graves v. Diehl, 958 S.W.2d 468, 470 (Tex.
App.—Houston [14th Dist.] 1997, no writ).  These contracts typically provide
that, upon the making of a down payment, the purchaser is entitled to immediate
possession of the property, however, title remains in the seller until the
purchase price is paid in full.  Id. at 471.  Under a contract for deed,
the purchase price is usually paid in installments over a course of years.  Id.


Appellant does not dispute that the Brookston and Beckridge
transactions involve contracts for deed.  Instead, the dispute focuses on what
effect does that undisputed fact have on appellee’s insurable interest in the
two properties.  Appellant takes the position that a purchaser under a contract
for deed “has an equitable ownership interest in the property.”  Then, citing
the Bucher case, appellant asserts that the legal effect to be given to
a contract for deed is the same as that to be given to a transaction involving a
deed with a retained vendor’s lien and that the rights and obligations of the
parties are substantially the same.  See Bucher v. Employer’s Cas.
Co., 409 S.W.2d 583, 585 (Tex. App.—Fort Worth 1966, no writ) (stating that
because equitable title passed when the purchaser under a contract for deed
takes possession of the property, the risk of loss is borne by the purchaser). 
Appellant then concludes by arguing that the only remaining insurable interest
held by appellee was that of a mortgagee and therefore he can only recover a
mortgagee’s interest: the outstanding balance on the contract for deed.  We
disagree.

A.        The Brookston property.

The issue with respect to the Brookston property,
which the purchasers abandoned following the fire, is resolved by an unreported
case from the Dallas Court of Appeals: American Nat’l Property and Casualty
Co. v. Patty, No. 05-00-01171-CV, 2001 WL 914990 (Tex. App.—Dallas August
15, 2001, pet. denied) (not designated for publication).  In Patty, a
case with facts remarkably similar to those of the Brookston property, the
insurance company made the same argument appellant advances here: the seller
under the contract for deed should be treated as a mortgagee.  The court
disagreed as it determined that the purchasers extinguished whatever interest
they had in the property when they returned the keys and held that the seller
was entitled to recover the full amount of the policy minus the deductible.  Id.
at *3.  While the opinion has no precedential value we are persuaded by the
Dallas Court of Appeals’ reasoning and adopt it here and affirm the trial
court’s judgment with respect to the Brookston property.

 

B.        The Beckridge property.

As noted in Graves, there has been a conflict
in Texas case law as to whether a purchaser under a contract for deed obtains
equitable title or only an equitable right to complete the contract.  See Graves,
958 S.W.2d at 472 (stating that a purchaser under a contract for deed has
either equitable title to the property or an equitable interest in the property
in the form of a right to full performance of the contract for deed but
declining to resolve which as it was unnecessary to do so to resolve the issue
in that appeal).  This conflict has its origins in two cases decided by the
Texas Commission of Appeals.  Id. at 471.  The earliest is Leeson v.
City of Houston, 243 S.W. 485 (Tex. Comm’n App. 1922, judgm’t adopted), the
case the Fort Worth Court of Appeals relied on in deciding Bucher.  In Leeson
the Commission determined that a purchaser under a contract for deed obtains
equitable title to the property when the contract is made or, at the latest,
when the purchaser takes possession of the property.  Id. at 490.  The
second case is Johnson v. Wood, 138 Tex. 106, 157 S.W.2d 146 (Tex.
Comm’n App. 1941, opinion adopted).  In Johnson, the court held that a
purchaser under a contract for deed possesses only an equitable right to
complete the contract.  Id. at 148.

While we did not need to resolve the conflict in Graves,
we later did so in a trespass to try title suit.  In Cullins v. Foster,
we stated

[e]quitable title may be shown when the plaintiff proves
that he has paid the purchase price and fully performed the obligations under
the contract.  Upon such performance, he becomes vested with an equitable title
to the property which is sufficient to allow him to maintain his action in
trespass to try title.

Cullins v. Foster, 171
S.W.3d 521, 533 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) (quoting White
v. Hughs, 867 S.W.2d 846, 849 (Tex. App.—Texarkana 1993, no writ) (citing
the Johnson opinion)).  Therefore, we conclude the purchaser under the
Beckridge contract for deed did not obtain equitable title to the property but
only an equitable right to complete the contract.  Id.  Because the Beckridge
purchaser did not obtain equitable title when she entered into the contract for
deed, we conclude the Bucher case is distinguishable and does not
determine the outcome here.  Instead, for the reasons discussed below, we
conclude that appellee is entitled to recover the full policy limits for the
Beckridge property.

Beyond the Bucher case, appellant has not
cited any legal authority holding that a contract for deed is the equivalent of
a mortgage.  Instead, both the Texas Supreme Court and the Texas Property Code indicate
that contracts for deed and mortgages are two distinct methods to finance the
purchase of a residence.  First, the Texas Supreme Court has pointed out that
contracts for deed and mortgages are different in part because a contract for
deed, unlike a mortgage, allows a seller to retain title to the property until
the purchaser has paid for the property.  Flores v. Millenium Interests,
Ltd., 185 SW.3d 427, 429 (Tex. 2005).  Retaining this difference is necessitated
in part because, under a contract for deed, unlike a mortgage, a purchaser has
the right to rescind the contract and walk away from the property with no
further liability.  See Tex. Prop. Code Ann. § 5.074 (Vernon 2004).  Another
key difference between a mortgage and a contract for deed is found in section
5.078 of the Property Code which provides that, as the seller, appellee is
required to use insurance proceeds to rebuild the property, an obligation a
mortgagee does not have.  Id. at § 5.078(c).   Finally, section 5.081 of
the Property Code provides a method for a purchaser under a contract for deed
to convert the contract into a standard mortgage with a promissory note and
deed of trust.  Id. at § 5.081.  This conversion right would not be necessary
if there was no difference between a contract for deed and a mortgage.

Appellant’s reliance on the language of the insurance
policy to support its argument that appellee should be treated as a mortgagee
is misplaced.  First, the policy lists Royal Oaks Bank as the mortgagee, not
appellee.  In addition, the insurable interest and limit of liability clause,
which appellant cites in support of its argument that appellee should be treated
as a mortgagee, instead supports appellee’s recovery of the policy limit.  A
policy of property insurance is a personal contract indemnifying the insurable
interest possessed by the insured at the time of the issuance of the policy as
well as at the time of the loss.  Highlands Ins. Co. v. City of Galveston,
721 S.W.2d 469, 471 (Tex. App.—Houston [14th Dist.] 1986, writ ref’d n.r.e.). 
The general rule relative to payment of the limit of liability is that policy
proceeds should be applied to indemnify the insured up to the amount of the policy,
fulfilling the objective that the insured should neither reap economic gain,
nor incur a loss, if adequately insured.  Coats v. Farmers Ins. Exchange,
230 S.W.3d 215, 219 (Tex. App.—Houston [14th Dist.] 2006, no pet.).  Here, appellee
is the sole insured under the insurance policy possessing any title to the
Beckridge property.  It is undisputed that the Beckridge fire was a loss
covered by the insurance policy.  It is also undisputed that the loss exceeded
the policy limit.  Therefore, the insurable interest and limit of liability
clause, far from limiting appellant’s recovery to that of a mortgagee, actually
dictates that appellant is liable for the full amount of the policy, $65,000.00. 
Id.  We affirm the trial court’s judgment with respect to the Beckridge
property and overrule appellant’s sole issue on appeal.

Conclusion

            Having overruled
appellant’s only issue on appeal, we affirm the trial court’s judgment.                                    

 

                                                                                                                                                              


                                                                        /s/        John
S. Anderson

                                                                                    Justice

 

 

 

Panel consists of Chief
Justice Hedges and Justices Anderson and Christopher.

 









[1] At the time of the fire,
appellant was indebted to Union Planters Bank in an amount exceeding
$407,107.05.  That loan was secured, in part, by the Brookston property
pursuant to a deed of trust.





[2] At the time of the fire,
appellant was indebted to Royal Oaks Bank in an amount exceeding $224,373.29. 
That loan was secured, in part, by the Beckridge property pursuant to a deed of
trust.